# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HUNTER,<br><br>        Plaintiff,<br><br>v.<br><br>G. HERRERA, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01163-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON PLAINTIFF'S CLAIM FOR EXCESSIVE FORCE AND DISMISSING DECLARATORY AND INJUNCTIVE RELIEF<br><br>[ECF No. 1] |

      Plaintiff Nathan Hunter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction on September 11, 2017; therefore, this matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      Currently before the Court is Plaintiff's complaint, filed August 30, 2017.

## I.

## SCREENING REQUIREMENT

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On June 17, 2017, at approximately 9:45 a.m. at Wasco State Prison, officer M. Martinez ordered Plaintiff out of the mental health group based on the false accusation of disruption of the group. Once the Plaintiff was out in the walkway of the facility and prone out in the front of the sergeant's office and requested to speak with the on duty sergeant.

Officer T. Priest placed Plaintiff in handcuffs and told him to not speak to anybody. When sergeant G. Herrera stepped out of her office, officer T. Priest got Plaintiff roughly to his feet and pushed the handuffs up over the Plaintiff's head, making the Plaintiff head down over his wrist. After Plaintiff asked T. Priest to stop pushing up the handcuffs, Priest, without warning, picked up Plaintiff and slammed his face to the concrete ground. Officers M. Martinez, T. Priet, and E. Buenostro then started jumping and kicking Plaintiff's face striking his face with their closed fists. Sergeant G.

Herrera then ordered officer E. Buenostro to take Plaintiff to a holding cell. When officer Buenostro took Plaintiff to the holding cell, he slammed Plaintiff's face to the back of the cell. At no time did, sergeant Herrera order Defendants to stop the use of force.

Plaintiff was later issued a rules violation report for assault to "cover up the unnecessary use of force."

## III.
## DISCUSSION

### A. Excessive Force Claim

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable claim for excessive force against Defendants G. Herrera, M. Martinez, T. Priest, and E. Buenostro.

### B. Declaratory and Injunctive Relief

In addition to money damages, Plaintiff seeks declaratory and injunctive relief. "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management,

Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted). The conduct at issue in this action occurred on June 17, 2017, and Plaintiff's remedy is damages should he prevail on his claim that his constitutional rights were violated. The Court recommends dismissal of the declaratory relief claim.

Plaintiff also seeks an injunction directing that Defendants to re-take all use of force classes. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons, 461 U.S. at 105). Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The Court cannot issue a preliminary injunction ordering Defendants to re-take the use of force classes as it is not within its jurisdiction nor is it narrowly drawn to remedy the alleged use of excessive force. In addition, Plaintiff's claims for declaratory and injunctive relief are moot because Plaintiff is presently incarcerated at California State Prison, Sacramento, not Wasco State Prison-Reception Center where the alleged actions took place. Plaintiff's subsequent transfer out of Wasco

4

State Prison rendered moot any prayer for declaratory and injunctive relief. Because it is clear that Plaintiff cannot cure these deficiencies through amendment,[1] the Court recommends that Plaintiff's prayer for declaratory and injunctive relief should be dismissed from the action, and this action proceed on Plaintiff excessive force claim for monetary damages only.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action shall proceed on Plaintiff's claim for monetary damages based on the alleged use of excessive force; and

2. Plaintiff's prayer for declaratory and injunctive relief be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 14, 2017**

UNITED STATES MAGISTRATE JUDGE

---

[1] See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")

5